No. 24-1243

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

SATANIC TEMPLE,

                *Plaintiff-Appellant*,

v.

RAÚL LABRADOR, in his official capacity as
Attorney General of the State of Idaho, et al.,

                *Defendants-Appellees*.

---

On Appeal from the United States District Court
for the District of Idaho
Case No. 1:22-cv-00411-DCN

---

**MOTION TO AMEND OPINION DATED AUGUST 11, 2025**

---

| | |
|---|---|
| RAÚL R. LABRADOR<br>ATTORNEY GENERAL | ALAN M. HURST<br>Solicitor General |
| OFFICE OF THE IDAHO<br>ATTORNEY GENERAL<br>700 W. Jefferson St.<br>Boise, ID 83720<br>(208) 334-2400<br>alan.hurst@ag.idaho.gov<br>michael.zarian@ag.idaho.gov | MICHAEL A. ZARIAN<br>Deputy Solicitor General |

*Counsel for Appellees*

Appellee Raúl Labrador, in his official capacity as Attorney General of Idaho, respectfully moves the Court to amend its opinion in this matter dated August 11, 2025, to correct a small inaccuracy in its description of Idaho law.

Specifically, on page 5 of the opinion, the Court writes that Idaho's abortion laws—the Defense of Life Act[1] and the Fetal Heartbeat Preborn Child Protection Act[2]—"criminalize all abortion, with an affirmative defense against prosecution available in only some instances, such as rape and incest." That statement was mostly accurate when Idaho's Defense of Life Act originally took effect in 2022, *see* Idaho Code § 18-622(3) (2022); *Planned Parenthood Great Nw. v. State*, 522 P.3d 1132, 1153 (Idaho 2023), but it is no longer accurate because the statute was amended in 2023. 2023 Idaho Sess. Laws ch. 298, § 2.

As amended, the Defense of Life Act no longer includes affirmative defenses concerning rape, incest, or preserving the life of the mother. *See* Idaho Code § 18-622. Instead, those circumstances are now entirely excluded from the definition of "criminal abortion," meaning that defendants no longer bear the burden of proving that the statutory exceptions apply. *Id.* § 18-622(2); *see also Cope v. State*, 402 P.2d 970, 973 (Idaho 1965) (explaining burden for affirmative defenses). The statutory amendment also made

---

[1] The Court referred to this statute as the Total Abortion Ban.
[2] The Court referred to this statute as the Fetal Heartbeat Statute.

explicit that the treatment of miscarriages and ectopic or molar pregnancies does not constitute an abortion and is not prohibited. Idaho Code § 18-604(1).

With respect to Idaho's other abortion law—the Fetal Heartbeat Preborn Child Protection Act—its criminal provisions have never contained affirmative defenses for circumstances like rape or incest. Rather, the Act "*exempts* from prosecution cases involving a medical emergency, rape, or incest." *Planned Parenthood Great Nw.*, 522 P.3d at 1153 (emphasis in original). The text of the statute states that a person may not perform an abortion once a fetal heartbeat has been detected "except in the case of a medical emergency, in the case of rape . . ., or in the case of incest." Idaho Code §§ 18-8804(1), 18-8805(2). Additionally, the Act's criminal prohibitions are generally unenforceable while the Defense of Life Act remains in effect. Idaho Code § 18-8805(4) ("In the event both this section and section 18-622, Idaho Code, are enforceable, section 18-622, Idaho Code, shall supersede this section.").

To avoid confusion about Idaho's abortion laws and to ensure that defendants are not incorrectly assigned a burden of proof that they are not required to bear, the Attorney General respectfully requests that the Court amend its opinion so that it no longer says the statute criminalizes all abortion and no longer refers to the circumstances in which Idaho law permits abortion as "affirmative defenses."

Dated: August 15, 2025                    Respectfully submitted,

RAÚL R. LABRADOR
ATTORNEY GENERAL

/s/ Alan M. Hurst

ALAN M. HURST
SOLICITOR GENERAL

MICHAEL A. ZARIAN
DEPUTY SOLICITOR GENERAL

*Counsel for Appellees*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Motion complies with the limitation of Circuit Rules 32-3 and 27-1 because it contains 472 words. This Motion complies with the typeface and the type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Garamond typeface.

/s/ *Alan M. Hurst*
Alan M. Hurst

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

<u>/s/ *Alan M. Hurst*        </u>
Alan M. Hurst